# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOEVONE M. JORDAN**,

      Plaintiff,

    **v.**                                    **Case No. 20-CV-1809**

**JEFFREY MANLOVE,**

      Defendant.

## ORDER

On February 15, 2022, *pro se* plaintiff Joe'vone M. Jordan filed a motion to compel. (ECF No. 30.) On February 16, 2022, Jordan filed a motion for leave to amend his complaint. (ECF No. 31). On April 1, 2022, Jordan filed a motion to appoint counsel. (ECF No. 36.) This order resolves his motions.

### MOTION TO COMPEL (ECF No. 30)

In his motion to compel Jordan seeks his medical records; defendant Dr. Jeffery Manlove's personnel records from the past 20 years; grievances from other inmates against Dr. Manlove from the past 20 years; and responses to interrogatories 12, 13, and 14. He also states that Dr. Manlove is refusing to respond to discovery directed at Robert Weinman and that Dr. Manlove is erroneously stating that Weinman was dismissed.

Jordan never named Robert Weinman as a defendant in this case. Weinman is the defendant in Case Number 20-cv-1807, also before this court. That case concerns Weinman's alleged failure to provide treatment for tendinosis in Jordan's shoulder. This case concerns Dr. Manlove's alleged failure to treat Jordan's broken nose. It appears Jordan is getting the two cases confused. Thus, Dr. Manlove is correct that he is not required to respond to any discovery in this case directed at Robert Weinman for treatment of Jordan's nose.

Dr. Manlove also notes that Jordan failed to make a good faith effort to confer about the discovery disputes with Dr. Manlove's attorney, which is required by Federal Rule of Civil Procedure 37(1). Dr. Manlove states that, had Jordan conferred as required by the rule, several of these discovery disputes may have been resolved.

The court agrees and denies Jordan's motion to compel. Before coming to the court and asking the court to intervene, Jordan needs to reach out to Dr. Manlove's attorney in writing to attempt to resolve any disputes he has with the defendant's responses to his discovery requests. Had he done so, he could have explained to Dr. Manlove's lawyer why the medical records previously provided to him by Dr. Manlove were incomplete. He also could have explained what he was hoping to achieve with Dr. Manlove's personnel records and why he felt he needed records from the past 20 years to prove his case. Similarly, he could have explained why needed inmate grievances from other inmates regarding Dr. Manlove from the past 20 years to prove his case.

Such conversations could have resulted in a compromise between Dr. Manlove and Jordan wherein Jordan received the information he needed, but the requests were tailored to place an undue burden on Dr. Manlove (20 years is a long period of time for records) and the Department of Corrections' confidentiality needs regarding other inmates. Finally, had Jordan conferred with Dr. Manlove's attorney, they could have discussed whether the information he sought in interrogatories 12-14 (which concern Jordan's treatment after Dr. Manlove retired) were already answered by the medical records already provided.

## MOTION TO AMEND THE COMPLAINT (ECF No. 31)

Jordan seeks to amend his complaint to add " HSM Meli" as a defendant, in addition to Dr. Manlove and Robert Weinman. As noted above, Weinman is not a defendant in this case. As such, the court will construe Jordan's motion to amend as a motion to add both Weinman and Meli as defendants.

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182

The court has considered Jordan's amended complaint and finds that allowing him leave to amend the complaint would be futile. Jordan's proposed amended

3

complaint does not contain allegations detailing what Meli and Weinman did (or did not do) to violate his rights. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights.

The only time Jordan specifically names Meli and Weinman in his proposed amended complaint is to state that they violated his rights under the Eighth Amendment. He does not include details as to when and how they violated his rights. While courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, it would be futile to grant Jordan leave to amend his complaint.

## MOTION TO APPOINT COUNSEL (ECF No. 36)

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few

4

lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Jordan states he wrote three different attorneys; thus, he satisfies this requirement. (ECF No. 36 at 1.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id*. at 490-491. The court "must

5

consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Jordan states he requires counsel because his claim is complex, and he does not have a legal education. Also, because he is incarcerated, he has limited access to the law library. Currently, Jordan's case is in the discovery phase and dispositive motions are not due until July 1, 2022. Discovery consists of written interrogatories (questions) and requests for documents. A person does not need to be well-versed in the law to ask or truthfully answer questions. Indeed, as Jordan's recent motion to compel shows, he is capable of meaningfully participating in discovery, including sending interrogatories and requests for documents to the defendant.

Concerning dispositive motions, in cases such as this a dispositive motion is typically a motion for summary judgment. In such a motion, a party will move the court to dismiss the case because it believes there are no genuine disputes of material fact, and the party is entitled to judgment as a matter of law. Should the defendant file a motion for summary judgment in this case, Jordan does not need to be well-versed in the law to respond to the motion, nor does he need to contact experts to respond to a summary judgment motion.

Summary judgment rises or falls on whether or not a genuine dispute of material fact exists. Jordan clearly knows the facts concerning his case, as his memoranda and declarations in support of the three motions that are the subject of

6

this order demonstrate. The court is familiar with the law and does not require Jordan to explain the legal basis of his claim. Instead, the court needs Jordan to tell it which facts asserted by the defendants are in dispute and the basis for Jordan's contention that those facts are in dispute. Jordan's filings to date demonstrate that he is capable of clearly communicating his issues and concerns. As such, the court believes he is able to participate in discovery and to respond to a summary judgment motion should the defendant file one. His motion is denied. Should Jordan's circumstances change, or he encounters obstacles that he does not believe he can handle on his own, he may renew his motion and the court will consider it at that time.

**IT IS THEREFORE ORDERED** that Jordan's motion to compel (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Jordan's motion for leave to amend his complaint (ECF No. 31) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Jordan's motion to appoint counsel (ECF No. 36) is **DENIED.**

Dated in Milwaukee, Wisconsin this 12th day of April, 2022.


BY THE COURT


WILLIAM E. DUFFIN
United States Magistrate Judge